IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| Connie Jackson and Jeffrey Jackson,<br><br>Plaintiffs,<br><br>v.<br><br>LeMond Companies, LLC, LeMond Composites, LLC, Greg LeMond, Nicolas Wegener, Alex Jacome,<br><br>Defendants. | Civil Action No. 3:16-cv-716 (TRM/CCS) |

### Protective Order

The parties hereby stipulate and agree to an order pursuant to Fed. R. Civ. P. 26(c) that confidential information be disclosed only in designated ways:

1. As used in the Stipulation for Protective Order ("Protective Order"), these terms have the following meanings:

   (a) "Attorneys" means counsel of record and in-house counsel for a producing party;

   (b) "Confidential" documents are documents designated pursuant to paragraph 3;

   (c) "Confidential - Attorneys' Eyes Only" documents are the subset of Confidential documents designated pursuant to paragraph 6;

   (d) "Days" shall mean calendar days;

   (e) "Documents" are all materials within the scope of Fed. R. Civ. P. 34(a)(1)(A);

   (f) "Outside Vendors" means messenger, copy, coding, and other clerical-services vendors not employed by a party or its Attorneys; and

(g) "Written Assurance" means an executed document in the form attached as Exhibit A.

2. This agreed Protective Order shall apply to all documents and other material or information ("Litigation Materials") produced, formally or informally, by the Parties in the course of this litigation or the litigation pending between LeMond Companies, LLC and Connie D. Jackson styled *LeMond Companies, LLC vs. Connie D. Jackson*, in the District Court for Hennepin County, Minnesota, No. 27-CV-17-657 (the "Minnesota Action") including, but not limited to documents, data, things, deposition testimony and answers to interrogatories, to the extent that such documents, information or testimony constitute Confidential or Confidential - Attorneys' Eyes Only information as defined and provided herein. Any Litigation Materials designated in this action as "Confidential" or "Confidential – Attorney Eyes Only" may be used in the Minnesota Action, provided that the use of those Litigation Materials in the Minnesota Action is governed by a Protective Order with the same protections as this Protective Order, and subject to any applicable rules of civil procedure or evidence.

3. A Party may designate Litigation Materials "Confidential" to protect information within the scope of Fed. R. Civ. P. 26(c). A designation as to documents shall be made by placing a legend on each page of any document that a designating party wishes to protect against unauthorized use or disclosure prior to or at the time of the provision of a physical or electronic copy thereof to a receiving party indicating that the document is "Confidential." The designation as to things as to which inspection or sampling has been agreed, or which are tangible objects containing designated

information, shall be made by placing a legend in the form described above on the thing or the container within which it is stored.

4. All "Confidential" documents, along with the information contained in the documents, shall be used solely for the purpose of this action or the Minnesota Action, and no person receiving such documents shall, directly or indirectly, use, transfer, disclose, or communicate in any way the documents or their contents to any person other than those specified in paragraph 5. Any other use is prohibited.

5. Access to any Confidential document shall be limited to:

   a) the Court and its staff;

   b) attorneys, their law firms, and their Outside Vendors;

   c) the parties to the action;

   d) employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed;

   e) court reporters retained to transcribe testimony or statements;

   f) witnesses or prospective witnesses, including deposition witnesses, who reasonably need access to such materials in connection with this litigation;

   g) outside independent persons (i.e., persons not currently or formerly employed by, consulting with, or otherwise associated with any party) who are retained by a party or its Attorneys to provide assistance as mock jurors or focus group members or the like, or to furnish technical or expert services; and

   h) a person that the document designated as "Confidential" indicates on its face authored it, was an addressee of it, or received a copy of it before the filing of Plaintiff's complaint in this action.

6. The parties shall have the right to further designate Confidential documents or portions of documents as "Confidential – Attorneys' Eyes Only." The "Confidential –

1253723v5

3

Attorneys' Eyes Only" designation is intended to protect documents which contain particularly sensitive Confidential information that, in the good faith judgment of any Party, constitutes (a) information that as has been kept confidential, including but not limited to contracts and agreements with non-parties, financial information, information regarding business and strategic plans, and marketing information, technical specifications and legal work performed for the Parties with respect to their products or services, the disclosure of which could harm the competitive position of a Party to this litigation or a non-party from which the information was obtained, including but not limited to such information created, transmitted, received, or maintained by the Parties or by any attorneys for the Parties; or (b) information that has been kept confidential and that was transmitted with an understanding of confidentiality, the disclosure of which would violate promises of confidentiality, including, but not limited to, such information created, transmitted, received, or maintained by the Parties, or by any attorneys for the Parties for the benefit of the Parties. Disclosure of such "Confidential – Attorneys' Eyes Only" information shall be limited to the persons designated in paragraphs 5(a), (b), (e), (g) and (h).

7. Non-parties producing documents in the course of this action may also designate documents as "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the same protections and constraints as the parties to the action. A copy of the Protective Order shall be served along with any subpoena served in connection with this action. All documents produced by such non-parties shall be treated as "Confidential – Attorneys' Eyes Only" for a period of 14 days from the date of their production, and during that

period any party may designate such documents as "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to the terms of the Protective Order.

8. Each person appropriately designated pursuant to paragraph 5(f), (g) and (h) to receive Confidential or Confidential – Attorneys' Eyes Only information shall execute a "Written Assurance" in the form attached as Exhibit A.

9. All depositions or portions of depositions taken in this action that contain confidential information may be designated "Confidential" or "Confidential – Attorneys' Eyes Only" and thereby obtain the protections accorded other "Confidential" or "Confidential – Attorneys' Eyes Only" documents. Confidentiality designations for depositions shall be made either on the record or by written notice to the other party within 14 calendar days of receipt of the final transcript. Unless otherwise agreed, or unless designated as "Confidential – Attorneys' Eyes Only" on the record, depositions shall be treated as "Confidential" during the 14-day period following receipt of the final transcript. The deposition of any witness (or any portion of such deposition) that encompasses Confidential or Confidential – Attorneys' Eyes Only information shall be taken only in the presence of persons who are qualified to have access to such information.

10. Any party who inadvertently fails to identify documents as "Confidential" or "Confidential – Attorneys' Eyes Only" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the

substitute documents, shall return or destroy the improperly-designated documents. Any party receiving the written notice referred to in this paragraph shall have 10 days to provide the written notice objecting to the designation referred to in paragraph 13.

11. If a party files a document containing "Confidential" or "Confidential – Attorneys' Eyes Only" information with the Court, it shall do so in compliance with the applicable rules. Prior to disclosure at trial or a hearing of materials or information designated "Confidential" or "Confidential – Attorneys' Eyes Only", the parties may seek further protections against public disclosure from the Court.

12. A party may object to the designation as Confidential or Confidential – Attorneys' Eyes Only by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. The designating party shall then have 10 days after being provided notice to provide the objecting party with a written explanation of the reasons for the designation. If the parties are unable to resolve the objection within 7 days after the designating party supplies the objecting party with a written explanation of the reasons for the designation, the party or parties objecting to the designation of materials as Confidential or Confidential – Attorneys' Eyes Only shall have the right to certify to the Court that the parties cannot reach an agreement as to the designation. Thereafter, the party objecting to the designation shall have 14 days to file a motion compelling the reclassification of the materials in dispute. The disputed information shall be treated as designated until the Court rules on the motion. The party asserting that a "Confidential" or "Confidential—

Attorneys' Eyes Only" designation is proper shall have the burden of proving that the information in question is within the scope of protection afforded by Fed. R. Civ. P. 26(c).

13. A party designating materials as "Confidential" or "Confidential – Attorneys' Eyes Only" may, directly or through its counsel of record, agree in writing or on the record during any deposition or proceeding to change the designation or declassify any material.

14. Nothing in this Protective Order shall be construed as a waiver of the right of any party to object to the production of documents on the grounds of privilege or on other grounds not related to the confidentiality of the documents.

15. Within 60 days of the termination of this action, including any appeals, each party shall either destroy or return to the opposing party all documents designated by the opposing party as "Confidential" or "Confidential – Attorneys' Eyes Only" and all copies of such documents, and shall destroy all extracts and/or data taken from such documents. Each party shall provide a certification as to such return or destruction within the 60-day period. Notwithstanding the foregoing, counsel of record shall be entitled to maintain copies of all correspondence, pleadings, motions and other materials submitted to the Court (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial, as well as any internal memoranda, correspondence, email (including email attaching "Confidential" or "Confidential – Attorneys' Eyes Only" documents) and other work product.

16. Any party may apply to the Court for a modification of the Protective Order, and nothing in this Protective Order shall be construed to prevent a party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

17. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence and nothing in this Protective Order shall be construed to affect any party's right to claim the protections of the attorney-client privilege or attorney work-product doctrine.

18. The obligations imposed by the Protective Order shall survive the termination of this action.

**IT IS SO ORDERED.**

ENTER this the 17th day of March, 2017

/s/ _____
United States ~~District~~ Magistrate Judge

Approved for Entry:

**EGERTON, MCAFEE, ARMISTEAD & DAVIS, P.C.**

/s/ *Melissa B. Carrasco*
Melissa B. Carrasco, BPR #029094
Allison S. Jackson, BPR #029230
900 S. Gay Street
Suite 1400
Knoxville, TN 37902
MCarrasco@EMLaw.com
AJackson@EMLaw.com
(865) 546-0500

*Attorneys for Plaintiffs*

**GREENE ESPEL PLLP**

/s/ *Karl C. Procaccini*
Lawrence M. Shapiro, P.A., MN No. 0130886
Mark L. Johnson, MN No. 0345520
Karl C. Procaccini, MN No. 0391369
222 S. Ninth Street, Suite 2200
Minneapolis, MN 55402
lshapiro@greeneespel.com
mjohnson@greeneespel.com kprocaccini@greeneespel.com
(612) 373-0830

**BERNSTEIN, STAIR & MCADAMS LLP**

Daryl R. Fansler, TN No 010219
W. Tyler Chastain, TN No. 016029
116 Agnes Road
Knoxville, TN 37919
dfansler@bsmlaw.com
wtylerc@bsmlaw.com
(865) 546-8030

*Attorneys for Defendants*

# EXHIBIT A

## WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____,

County of _____, State of _____. My telephone number is

_____.

I am currently employed by _____, located at

_____, and my current job title is

_____.

I have read and I understand the terms of the Protective Order dated _____, filed in *Connie D. Jackson and Jeffrey Jackson v. LeMond Companies, LLC, LeMond Composites, LLC, Greg LeMond, Nicolas Wegener and Alex Jacome*, Case No. 3:16-cv-716, pending in the United States District Court for the Eastern District of Tennessee. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" or "Confidential – Attorneys' Eyes Only" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" or "Confidential – Attorneys' Eyes Only", and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the Eastern District of Tennessee for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____    _____
      (Date)          (Signature)

1253723v5

11